# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Gwendolyn L. Robinson, Respondent.

Appellate Case No. 2018-000546

Opinion No. 27824
Submitted May 30, 2018 – Filed July 11, 2018

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Sabrina C. Todd, Senior Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Gwendolyn L. Robinson, of Mount Pleasant, pro se.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension of no more than nine (9) months. We accept the Agreement and suspend Respondent from the practice of law in this state for nine (9) months. The facts, as set forth in the Agreement, are as follows.

## Facts

The underlying child custody case began after the mother of several children was killed in an accident. Respondent represented the maternal grandmother (Client), who was a defendant in the custody action. Approximately two weeks after the family court granted custody to another relative, Respondent submitted a sworn affidavit to the court in support of Client's request for an emergency hearing. The affidavit was signed with Client's name and notarized by Respondent.

After Respondent and Client dissolved their relationship, Client informed the court that the affidavit Respondent submitted was forged.  Client stated she had no knowledge of the affidavit when it was filed but that its contents were true.  Respondent admits she signed Client's name to the affidavit.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3(a)(3) (lawyer shall not knowingly offer evidence the lawyer knows to be false); Rule 3.4(b) (lawyer shall not falsify evidence); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct is a ground for discipline) and 7(a)(5) (conduct tending to pollute the administration of justice or to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law is a ground for discipline).

## Conclusion

We accept the Agreement and suspend Respondent from the practice of law in this state for nine (9) months.  Lawyer shall pay the costs incurred in the investigation and prosecution of this matter of ODC and the Commission on Lawyer Conduct within thirty (30) days of the date of this opinion.  Lawyer understands she will be required to complete the Legal Ethics and Practice Program Ethics School in accordance with Rule 33, RLDE, Rule 413, SCACR.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.
**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**